**Not For Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VICTOR NICOLAS R., | : | |
| Petitioner, | : | Civil Action No. 19-17970 (ES) |
| v. | : | OPINION |
| RONALD EDWARDS, *et al.*, | : | |
| Respondents. | : | |

**SALAS, DISTRICT JUDGE**

Petitioner Victor Nicholas R. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Corrections Center in Kearny, New Jersey. On September 13, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention during his removal proceedings. (D.E. No. 1, Petition). For the reasons stated below, the Court will grant the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic. (D.E. No. 8-1, Answer, Ex. A, Notice to Appear ("NTA") at 3). He was admitted to the United States on or about January 18, 1986, as a lawful permanent resident. (*Id.*). On or about September 29, 1989, Petitioner was convicted of attempted criminal possession of a controlled substance (cocaine) in the fifth degree in New York state court. (*Id.*). On or about March 24, 1997, a Massachusetts state court convicted Petitioner of armed assault with intent to murder and possession of a firearm. (*Id.*).

On May 24, 2017, Petitioner was taken into custody by ICE. (D.E. No. 8-2, Answer, Ex. B, Form I-830). The same day, Petitioner was served with an NTA charging him with removability pursuant to section 237(a)(2)(B)(i); 237(a)(2)(C); and 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (NTA at 3). On July 10, 2017, Petitioner appeared for a master calendar hearing and a bond hearing before an immigration judge ("IJ"). (D.E. No. 8-7, Declaration of Elizabeth Burgus ("Burgus Decl.") ¶ 3). Both hearings were adjourned to August 16, 2017, to allow Petitioner time to seek representation. (*Id.*). The hearings were then adjourned to September 27, 2017, to allow Petitioner time to prepare. (*Id.* ¶ 4). On September 22, 2017, Petitioner filed applications for relief with the immigration court. (*Id.* ¶ 5). On September 27, 2017, Petitioner appeared before the immigration court with counsel and admitted the allegations and charges of removability, after making several amendments. (D.E. No. 8-4, Answer, Ex. D, December 10, 2018 IJ Decision ("IJ Decision")). The hearings were adjourned to November 14, 2017, to allow Petitioner additional time to prepare. (Burgus Decl. ¶ 6). On October 10, 2017, Petitioner filed an I-191 Application for Relief Under § 212(c) of the Immigration and Nationality Act. (Petition ¶ 41).

On November 14, 2017, Petitioner appeared for a bond hearing pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015). Upon conclusion of the bond hearing, the IJ denied bond. (D.E. No. 8-1, Answer, Ex. E, November 14, 2017 Bond Order). The master calendar hearing was adjourned to January 8, 2018, to allow Petitioner additional time to prepare. (Burgus Decl. ¶ 8). On January 29, 2018, the hearing was adjourned to February 12, 2018, to allow Petitioner time to prepare. (*Id.* ¶ 9). On February 12, 2018, Petitioner appeared for the master calendar hearing, with counsel. (*Id.* ¶ 10). The hearing was adjourned to March 7, 2018, due to illness of Petitioner's counsel. (*Id.*). On March 7, 2018, the master calendar hearing was adjourned to

2

April 3, 2018, to allow Petitioner time to prepare. (*Id.* ¶ 11). On April 2, 2018, Petitioner filed a motion to terminate proceedings with the immigration court. (*Id.* ¶ 12). On April 3, 2018, Petitioner appeared for the master calendar hearing with counsel. (*Id.* ¶ 13). The hearing was adjourned to May 23, 2018, to allow ICE time to respond to the motion to terminate. (*Id.*). On May 2, 2018, ICE submitted its brief in opposition to Petitioner's motion to terminate and a Form I-261 Additional Charges of Inadmissibility/Deportability. (Petition ¶ 55). The May 23, 2018 hearing was subsequently adjourned to June 27, 2018, by the immigration court. (Burgus Decl. ¶ 14). However, the June 27, 2018 hearing was adjourned to August 2, 2018, due to a malfunction of the audio/visual equipment. (*Id.* ¶ 15). On August 2, 2018, Petitioner appeared for a master calendar hearing, and the IJ denied Petitioner's motion to terminate. (*Id.* ¶ 16). An individual hearing on the merits of Petitioner's applications for relief was adjourned to October 2, 2018. (*Id.*). On October 2, 2018, the immigration court conducted an individual hearing on the merits of Petitioner's applications for relief. (*Id.* ¶ 17). At the conclusion of the hearing, the IJ reserved decision. (*Id.*). On November 6, 2018, Petitioner appeared with counsel again before the immigration court, and the IJ reserved decision. (*Id.*). On December 11, 2018, the IJ issued a written decision denying Petitioner's applications for relief and ordered him removed. (IJ Decision). On January 9, 2018, Petitioner appealed the IJ decision to the Board of Immigration Appeals ("BIA"). (Burgus Decl. ¶ 20). On June 6, 2019, the BIA issued a decision indicating that part of the digital audio recording of the October 2, 2018 hearing was missing. (Petition ¶ 64). The BIA returned the case to the immigration court to take any necessary steps to enable preparation of a complete record. (*Id.*).

On July 29, 2019, Petitioner appeared at a master calendar hearing before the IJ, which was adjourned to August 7, 2019, to allow Petitioner time to prepare. (Burgus Decl. ¶ 22). On July

31, 2019, the immigration court adjourned the hearing to August 29, 2019. (*Id.* ¶ 23). On August 13, 2019, the immigration court advanced the hearing to August 21, 2019. (*Id.* ¶ 24). On August 21, 2019, Petitioner appeared before the IJ and filed a motion to compel production of certain documents. (*Id.* ¶ 25). The hearing was adjourned to September 16, 2019, to allow ICE time to respond to the motion to compel. (*Id.*). On September 16, 2019, Petitioner appeared for an individual hearing, at the conclusion of which the IJ reserved decision. (*Id.* ¶ 26). On October 21, 2019, the IJ issued a written decision denying Petitioner's applications for relief and ordered him removed. (*Id.*). The IJ also issued an order of administrative return/certification of Petitioner's proceedings back to the BIA. (*Id.*). Petitioner's appeal before the BIA remains pending. (*Id.*).

On September 13, 2019, Petitioner filed the instant Petition. (D.E. No. 1). He argues that: (i) his prolonged detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution (Petition ¶ 8); (ii) his mandatory detention more than seventeen years after Petitioner's release from custody for the offense triggering detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution (*id.* ¶¶ 9 & 12); (iii) mandatory detention of Petitioner despite his substantial challenges to deportation violates 8 U.S.C. § 1226(c) and the Due Process Clause of the Fifth Amendment of the U.S. Constitution (*id.* ¶ 10); and (iv) the Government's warrantless arrest of Petitioner violates 8 U.S.C. § 1226 and the Fourth Amendment of the U.S. Constitution (*id.* ¶ 11).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

4

2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (i) the petitioner is "in custody," and (ii) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (i) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); and (ii) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> > (B) conditional parole; . . .

5

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Here, both parties agree that Petitioner is detained pursuant to § 1226(c) because the appeal of his removal order remains pending with the BIA. *See* 8 C.F.R. § 1241.1.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court determined that § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases, detention under the statute lasted only a month and a half, and that even in cases where an appeal was taken to the BIA, detention pursuant to § 1226(c) lasted an average of four months. *Id.* at 529. Thus, the Supreme Court indicated that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*,

detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

The Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c) in *Diop*, 656 F.3d at 223–26. The Third Circuit held that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized that *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Id.* at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry," *id.* at 233—the statute "yields to the constitutional requirement that there be a further, individualized inquiry into whether continued detention is necessary to carry out the statute's purpose," *id.* at 235.

In *Chavez–Alvarez*, the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness, absent a bond hearing, would be unconstitutional. 783 F.3d at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

As in *Diop*, the Third Circuit again emphasized the "use of a balancing framework [that] makes any determination on reasonableness highly fact-specific." *Id.* at 474.

In *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge after six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078–85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing. *Jennings*, 138 S.Ct. at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726, at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018) (finding that as-applied challenges remain viable post-*Jennings*).

In sum, *Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden*

8

*Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiries it performed in *Diop* and *Chavez-Alvarez* are inappropriate in the context of § 1226(a)). Courts in this district have found that "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause") (internal citations and quotations omitted).

Here, Petitioner has been detained for over 30 months and argues that his continued detention under § 1226(c) without a bond hearing violates his due process rights. Respondents acknowledge that Petitioner may still make an as-applied challenge to his prolonged detention, but argue that Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as applied to him merely due to the length of his appeals process, particularly when there has been no indication that his detention has become inconsistent with the purpose of 8 U.S.C. § 1226(c)." (D.E. No. 8, Answer at 10).

As a general matter, courts in this district have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Glennis H.*, 2019 WL 2866069, at *3 (21 months); *Pryce v. Green*, No. 18-3501, 2019 WL 2118785 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden*, *Essex Cty. Corr. Facility*, No.

18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J. Feb. 27, 2019) (finding that detention for fourteen months that is largely the result of his own requests for continuances or other delays in his proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for approximately two and a half years, well beyond the one-year discussed in *Chavez-Alvarez*. While acknowledging that "the immigration court adjourned the matter on several occasions and that the proceedings were lengthened due to the fact that the full record of proceedings was not available to the BIA upon its initial review of Petitioner's appeal," Respondents nevertheless contend that none of the adjournments were the result of bad faith and, therefore, detention remains reasonable. (D.E No. 8, Answer at 12-13).

Having undertaken the fact sensitive inquiry as delineated in *Diop* and *Chavez-Alvarez*, the Court finds that Petitioner's 30 month detention in Hudson County Correctional Facility, with no evidence or even allegation of Petitioner's bad faith in his underlying immigration proceedings and a substantial portion of the delay attributable to the immigration court, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall

be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the Government in § 1226(c) cases).[1]

## III. CONCLUSION

For the foregoing reasons, the Petition is granted.[2] An appropriate order accompanies this opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] With regards to Respondents' argument that Petitioner's 2017 *Lora* hearing does not permit him to receive another bond hearing, the Court disagrees. In *Kwasi A. v. Edwards*, No. 18-15029, 2019 WL 3219157, at *5 (D.N.J. July 17, 2019), the court found that a *Lora* hearing six months after Petitioner was detained did not preclude a finding that Petitioner was entitled to a bond hearing when "Petitioner ha[d] now been detained for a total of three years and eleven months, and his last individualized bond hearing under § 1226(c) was nearly three-and-a-half years [prior]. *Id.* The Court further explained that Petitioner's detention exceeded the 35 months that the Third Circuit found prolonged in *Diop*, and that his case may continue for years. *Id.*

Here, Petitioner's *Lora* hearing was over two years ago, and his case may continue for years. Moreover, Petitioner has alleged, and Respondents do not substantively dispute, that the hearing did not comport with due process because the burden was improperly placed on Petitioner to show he was entitled to bond instead of on the Government, which was contrary to the requirements of *Lora*. (Petition ¶ 86; D.E. No. 8, Answer at 12 n.2).

[2] Because the Court finds Petitioner is entitled to relief on the first ground of his Petition, it need not address his remaining arguments. His request for oral argument (D.E. No. 10) is likewise denied as moot.